IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LINDA RAE GRAHAM,

    Plaintiff,

v.

AMERICAN HOME MORTGAGE, et al.,

    Defendants.

No. C 13-03322 RS

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

## I. INTRODUCTION

Plaintiff Linda Rae Graham, appearing *in pro se*, seeks a temporary restraining order (TRO) "stopping and/or preventing the forcible entry of Plaintiff's home/property." While the record is not clear, it appears that a foreclosure sale has already taken place, and that an eviction pursuant to an unlawful detainer judgment was carried out on July 17, 2013. Although Graham and her son[1] have described extremely difficult personal circumstances, they have not shown an imminent event that would constitute irreparable harm, and have not otherwise shown a basis for injunctive relief in any event. Accordingly the TRO application will be denied.

---

[1] Graham has sought to add her son as a co-plaintiff in this action. The Court expresses no opinion as to whether her pleading constitutes a valid amendment such that her son is now already a co-plaintiff or not.

## II. FACTS

Graham filed this action on July 17, 2013, alleging that, for a variety of reasons, defendants are not legally entitled to foreclose on her home. The complaint provided no information regarding the status of foreclosure proceedings, but implied that no trustee's sale had yet been held. Graham's son, however, subsequently submitted a letter to the court that describes an eviction having taken place, apparently the same day the complaint was filed.

Graham's present application for a temporary restraining order provides no further information regarding the current status of the foreclosure and/or eviction, except it mentions a writ of possession obtained by defendants. Graham does not indicate any further action by defendants is expected to occur. Rather, the application simply argues that defendant Flores Brothers Investments, LP lacks standing to foreclose and has failed to prove otherwise. The application also asserts that defendants have violated the automatic stay resulting from a bankruptcy filing.

## III. LEGAL STANDARD

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable

harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## IV. DISCUSSION

As an initial matter, Graham's application must be denied because she has failed to describe any threatened conduct by defendants that would create irreparable harm. It appears the eviction she was seeking to prevent has already taken place. Furthermore, under the applicable authorities, to prevail, Graham must demonstrate likely success on the merits, *Winter*, 555 U.S. at 20, or at least serious questions going to the merits. *Wild Rockies*, 632 F.3d at 1131. This she has not done. Although her TRO application does not elaborate on her claims, the complaint is premised on the theory defendants lacked standing to foreclose, or at a minimum, cannot prove that they had the right to exercise a power of sale in a non-judicial foreclosure. Similar claims have routinely been rejected. *See, e.g., Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Mulato v. WMC Mortgage Corp.*, 2010 WL 1532276 at *2 (N.D. Cal. April 16, 2010). Graham has offered nothing from which it would be reasonable to infer there are any particular facts here that might support a different result.[2]

Additionally, the eviction presumably flows from a state court's judgment in an unlawful detainer action. As such, it is not clear that the relief Graham seeks would be available from this Court in any event. The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008) (citation and quotations omitted); *see also*

---

[2] Graham alleges a violation of California Civil Code §2923.5, which in theory could support a postponement of any scheduled foreclosure sale. The *only* remedy for a violation of the statute, however, is "a postponement of the sale before it happens." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 235 (2010). As Graham has not shown there is a sale pending and, to the contrary, it appears the sale already took place, this claim does not support a restraining order.

*D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The Ninth Circuit has recognized that the "clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859. While Graham's complaint attacks the underlying non-judicial foreclosure, rather than any state court judgment, to the extent her TRO seeks to restrain state officers from carrying out a state court judgment, jurisdiction would not exist.

Finally, there is some indication Graham may be in bankruptcy. As such, the claims she is attempting to assert here may belong to the bankruptcy estate. Similarly, any violation of an automatic stay likely must be addressed by the bankruptcy court in the first instance. Accordingly, the TRO application is denied.

IT IS SO ORDERED.

Dated: August 2, 2013

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA RAE GRAHAM,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE, ET AL et al,<br><br>        Defendant.                 / | Case Number: CV13-03322 RS<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 2, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Linda Rae Graham
597 30th AVE
Santa Cruz, CA 95062

Dated: August 2, 2013

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk